UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZOILA SANDOVAL, Plaintiff, | COMPLAINT |
| v. | -AND- |
| TAPESTRY, INC., Defendant. | DEMAND FOR TRIAL BY JURY |

### I.   PARTIES

1. The Plaintiff, Zoila Sandoval, is an individual residing in Rhode Island. At all material times herein, she worked at Tapestry's Faneuil Hall Coach store in Boston, Massachusetts.

2. The Defendant, Tapestry, Inc., is a business entity with a principal office in New York, New York.

### II.   JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

4. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 (b)(2) because all of the events giving rise to the claim occurred in this judicial district.

### III.   FACTS OF THE COMPLAINT

5. Sandoval was hired by Tapestry, Inc. on July 6, 2008.

6. Throughout her tenure as a Store Manager, Sandoval consistently received positive performance reviews, with ratings of "Exceptional" or "Effective" from 2019 to 2023. Her most recent performance review for FY23 rated her as "Exceptional," noting that she had achieved "Top Store Performance" in the Northeast Region.

7. Sandoval's most recent position with the company was Store Manager at the Faneuil Hall Coach retail store.

8. In late 2023, Sandoval suffered a broken ankle that required her to take a six-month leave of absence. This leave required her ankle to be non-weight bearing for three months, followed by rehabilitation.

9. During Sandoval's employment, she experienced a traumatic incident where she was threatened inside the store by a drug user with a needle, which led to a PTSD diagnosis.

10. Sandoval's leave of absence included time for both physical recovery and mental health treatment related to PTSD.

11. In or around February 2024, Sandoval attempted to return to work and requested a reasonable accommodation of part-time work every other day, as recommended by my doctor. She made this request to Brian Glass, who directed her to ask Cindy Ghamandi from HR.

12. HR denied her request for accommodation, stating they could not accommodate the change in hours. This denial forced Sandoval to take additional leave.

13. Sandoval's pay during leave was through a Short-Term Disability policy for part of the time, and the rest was through Massachusetts PFML benefits.

14. Sandoval returned to work on April 15, 2024. Within her first week back, the Defendant subjected her to high-stress situations without regard for her doctor's orders to take breaks every two hours. These situations included preparing for a CEO visit, undergoing a surprise audit by the head of Loss Prevention, and participating in a mandatory meeting with the head of Visuals.

15. On the day of the CEO visit, Sandoval was berated by the Area Manager, Cristiana Ferrazzoli, for alleged preparation failures. Sandoval began to feel overwhelmed and started crying. This incident triggered her PTSD, and she started having a panic attack.

16. Sandoval had asked the Area Manager to assist her in preparing for the CEO visit as soon as she learned about it. However, Ferrazzoli scheduled the call for a day she knew Sandoval was out, and did not make any effort to connect with Sandoval until the morning of the visit, when she texted Sandoval's personal cell phone.

17. Subsequently, Sandoval was escorted out of the store by Danielle Charrier and Halyna Salabay-Abraham, who claimed she was "not herself." They questioned the fact that Sandoval was not in the store when they arrived. When Sandoval expressed feeling overwhelmed due to the high-pressure conditions that Defendant confronted her with upon her return, they sent her home.

18. The next day Ghamandi called Sandoval and implied that Sandoval was intoxicated. Sandoval told Cindy that she was on medication and was not intoxicated.

19. The Defendant put Sandoval on administrative leave. During this time, her mental health deteriorated further, resulting in additional panic attacks and the need for emergency medication.

20. On May 1, 2024, Sandoval was terminated, allegedly for "invading personal space" of two other managers on the day of the CEO visit. This termination occurred shortly after Sandoval's store had been recognized as the #2 performing store in the entire Northeast.

21. Throughout this process, Sandoval was subjected to discrimination based on both her physical disability (broken ankle) and mental health disability (PTSD), and in retaliation for requesting accommodations and taking protected leave.

22. The company's actions, including denying Sandoval's request for reasonable accommodation, subjecting her to high-stress situations immediately upon her return, questioning her medication use, and terminating her employment based on a fabricated reason, demonstrate a pattern of discriminatory behavior based on both her physical and mental health disabilities.

23. Sandoval timely filed a Charge at the Massachusetts Commission Against Discrimination.

### IV.    COUNTS OF THE COMPLAINT

### -COUNT ONE-
### DISABILITY DISCRIMINATION
(M.G.L. c. 151B)

24. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

25. Sandoval is disabled ("handicapped") under Chapter 151B.

26. Sandoval was able to perform her essential job functions, either with or without accommodation.

27. The Defendant took adverse action against Sandoval by subjecting her to a hostile work environment and terminating her employment.

28. The Defendant terminated Sandoval due to her disability.

29. As a result of the Defendant's actions, the Plaintiff has suffered damages.

## -COUNT TWO-
## RETALIATION
(M.G.L. c. 151B)

30. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

31. Sandoval engaged in protected conduct under Chapter 151B by taking leave due to her disability (PTSD).

32. The Defendant took adverse action against Sandoval by subjecting her to a hostile work environment and terminating her employment.

33. The Defendant terminated Sandoval due to her protected conduct.

34. As a result of Defendant's conduct, the Plaintiff has suffered damages.

## -COUNT THREE-
## VIOLATION OF MASSACHUSETTS PAID FAMILY AND MEDICAL LEAVE LAW
(M.G.L. c. 175M)

35. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

36. Sandoval took protected leave under Chapter 175M.

37. The Defendant took adverse action against Sandoval by subjecting her to a hostile work environment and terminating her employment.

38. The Defendant took adverse action against Sandoval due to her use of protected leave.

39. Because the Defendant took adverse actions against Sandoval within six months of her leave, those actions are presumed to be retaliatory.

40. As a result of the Defendant's conduct, the Plaintiff has suffered damages.

## -COUNT FOUR-
## FAILURE TO PROVIDE REASONABLE ACCOMMODATION
(M.G.L. c. 151B)

41. The Plaintiff hereby restates and incorporates each paragraph of this Complaint as if fully stated herein.

42. Sandoval is disabled ("handicapped") under Chapter 151B.

43. Sandoval was able to perform her essential job functions, either with or without accommodation.

44. The Defendant failed to provide a reasonable accommodation to Sandoval when she requested a part-time schedule in February of 2024.

45. The Defendant denied this accommodation, even though it would not have caused any undue hardship to Defendant.

46. As a result of the Defendant's action, the Plaintiff has suffered damages.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court issue judgment in her favor and grant the following relief:

1. Compensatory damages;
2. Multiple damages under M.G.L. c. 175M;
3. Punitive damages;
4. Attorney's fees;
5. Costs of this action;
6. Prejudgment interest;
7. Postjudgment interest; and

8. Such further relief as it deems fair and just.

## VI. JURY DEMAND

The Plaintiff, Zoila Sandoval, hereby demands a TRIAL BY JURY as to each claim and issue so triable.


Respectfully submitted,
Zoila Sandoval,
By her attorneys,


_____  Date: March 31, 2025
Michael L. Mason (BBO# 662244)
mmason@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
Tel: (617)577-8800 / Fax: (617) 577-8811